Minshall, J.
The question presented in this case is whether the fees and compensation of an executor or administrator may be reached by a creditor during the administration of the estate. Generally, subject to some exemptions, any sum of money due a debtor may be reached in a proper proceeding by his creditor Avhere he refuses to apply it to the claim of the creditor. Section 5464, Revised Statutes. But the money must be due or to become due, subject to no other condition than the lapse of time, for the pro *130 ceeding presupposes the power to order, without qualification, the payment of money due the debtor from another to the debtor’s creditor. In the case before us these conditions do not exist. Overturf, whatever the assets of the two estates may be, may not be entitled to the compensation and commissions provided by law at his final settlement. This will depend upon the judgment and allowance of the probate court. By reason of maladministration he may be entitled to nothing, and nothing may be allowed him. Hence, until one or the other of the two estates, on which he is administering, has been settled, or some allowance has been made him by the probate court, it cannot be said that anything is due him therefor.
It will be observed that there is no averment in the petition that any sum has been allowed the executor in either case; nor is there any such finding of fact. The statute, Sec. 6188, Revised Statutes, does not say that the commissions there provided, for shall be allowed the executor or administrator, but that they “may,” and this will depend upon the conditions before stated.
The defendant in error claims that the question is ruled by Newark v. Funk, 15 Ohio St., 462. But that case is quite distinguishable from this. There the attachment was of part of the salary of the marshal of the city, that he had permitted to accumulate in the treasury. It was due and payable. The court in deciding the case was careful to say: “We do not say, nor suppose, that a salary that is not yet earned, or for the payment of which the proper period has not yet arrived, can be garnisheed, or attached. It must be a subsisting claim, due or to become due, and for the ultimate payment of which the obligation to pay is fixed, without reference to future services or considerations.” There is, then, a marked difference in the two cases.
It might be further observed that to permit the fees and compensation of an administrator to be *131 attached before they ha.ve been earned, or allowed by the probate court, would be productive of much embarrassment in the settlement of estates, and interfere with the jurisdiction of the probate court in their settlement. Such an attachment would probably require the removal of the executor or administrator, as without this being done, no court could determine but that at final settlement, it would be unable to do that justice between the estate and the administrator, which the circumstances might require.
Whilst the embarrassment that might affect the public service in the attachment of the salary of a public officer, was not regarded, in the case above cited, of such a grave character, as, on grounds of public policy, to forbid its adoption by a creditor, yet its impolicy in the case of administrators, for the reasons stated, is more apparent than in the case of public officers, and has not been sustained by any court. Without the appointment of a receiver, as was done in this case, the order on the administrator would be of little avail. This would be likely to result in a conflict between two courts, to some extent exercising jurisdiction over the same subject matter— the assets of the estate of a deceased person. The receiver acting under the order of the court appointing him, and the administrator under that of the probate court, which, in case of a conflict, should determine, whether a given sum should be paid the receiver, the common pleas or the probate court? Surely the common pleas could not, without invading the jurisdiction of the probate court, do so; so that the appointment of a receiver would be of no avail; and this shows that such a practice would not be well founded in principle; and yet, as before suggested, without the appointment of a receiver little or nothing could be accomplished.

Judgment reversed and petition below dismissed.